# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:23-CV-00284-RJC-SCR

| | |
|---|---|
| **DEVAL DIMITRI LINEBERGER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THE UNIVERISTY OF NORTH** | ) |
| **CAROLINA SYSTEM through its** | ) |
| **governing body, THE BOARD OF** | ) |
| **GOVERNORS OF THE UNIVERSITY** | ) |
| **OF NORTH CAROLINA and** | ) |
| **UNIVERISTY OF NORTH** | ) |
| **CAROLINA CHARLOTTE, a** | ) |
| **constituent institution,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss" (Doc. No. 12) and the parties' briefs and exhibits. (Doc. Nos. 13, 15 & 18).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion be granted, as discussed below.

### I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 15, 2023, pro se Plaintiff filed a Complaint against Defendants University of North Carolina System through the Board of Governors and the University of North Carolina Charlotte

("UNCC"). (Compl., Doc. No. 1).[1]  Plaintiff brings claims for discrimination based on his disability in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et. seq. and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 et. seq. Id. ¶ 2.  Accepting as true the factual allegations that are included in his Complaint for the purposes of evaluating this Motion, Plaintiff attended UNCC in pursuit of a "Bachelor of Arts" degree and attended commencement on May 14, 2021. Id. ¶¶ 1 & 18.  Although Plaintiff does not specify his disability, Plaintiff maintains that he has a disability and "was denied approved academic accommodations of extended time on quizzes and test[s] during the Spring Semester 2021" and for a "note taker." Id. ¶¶ 14, 16-17 & 21-26.  Specifically, these requests were denied in the Data Structures and Algorithms ("Data Structures") course, which was a requirement for graduation with a "C or higher grade." Id. ¶¶ 16-17.  Although Plaintiff participated in commencement on May 14, 2021, the professor for Data Structures filed an "academic misconduct charge for collaboration" involving Plaintiff on May 27, 2021. Id. ¶¶ 18-19.  Plaintiff maintains Defendants have wrongfully withheld Plaintiff's bachelor's degree. Id. ¶¶ 1 & 30.  As a result of Defendants' conduct, Plaintiff "requests compensatory damages be awarded for his lost earning capacity" for not having a degree for two years. Id. ¶¶ 30-31.

On November 13, 2023, Defendant moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) for untimeliness and failure to state a claim.  (Doc. No. 12 at 1).

Defendant's Motion has been fully briefed and is ripe for disposition.

---

[1]The docket reflects that pro se Plaintiff filed his Complaint by hand-delivery at the Statesville Division Courthouse on May 15, 2023.  See Docket entries dated May 15, 2023.  Plaintiff attaches to his Complaint various documents including denial letters from the United States Department of Education Office for Civil Rights ("Office for Civil Rights") in Baltimore, Maryland, a letter dated August 16, 2021, written by Plaintiff, and sent to UNCC Chancellor Sharon Gaber ("Chancellor Gaber"), an article from ProPublica about UNCC, and a response letter from Chancellor Gaber dated August 27, 2021.  (Doc. Nos. 1-1 to 1-3).

## II.    DISCUSSION

### A.  Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. Id. at 678-79. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. at 679; see also Anand v. Ocwen Loan Serv., LLC, 754 F.3d 195, 198 (4th Cir. 2014) (recognizing the court does not accept as true legal conclusions couched as a factual allegations). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Although the pleading requirements stated in Rule 8 of the Federal Rules of Civil Procedure mark "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era. . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court assumes their truth and then determines whether they plausibly give rise to an entitlement to relief. Id. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Indeed, where "it is clear that no relief could be granted under any set of facts that could be prove[n] consistent with the allegations . . . a claim must be dismissed." Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

A court may grant a 12(b)(6) motion on statute of limitations grounds only "if the time bar is apparent on the face of the complaint." Semenova v. Maryland Transit Admin., 845 F.3d 564, 567 (4th Cir. 2017) (citing Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)).[2]

**B.  Motion to Dismiss Based on Untimeliness**

Defendants argue that the applicable statute of limitations bars Plaintiff's claims under Title II of the ADA and Section 504. "Congress has not adopted a specific statute of limitations for actions under Title II of the ADA and Section 504," and therefore, courts look to the analogous state statute for the purposes of determining the applicable statute of limitations. Manning v. N.

---

[2] In arguing that Plaintiff's claims are barred by the statute of limitations, Defendant also brings its motion under 12(b)(1), but the Fourth Circuit has reviewed such statute of limitation arguments in similar circumstances under the 12(b)(6) standard. Semenova v. Maryland Transit Admin., 845 F.3d 564, 567 (4th Cir. 2017).

Carolina State Univ., No. 5:23-CV-331-D, 2024 WL 1183066, at *4–5 (E.D.N.C. Mar. 19, 2024) (citing McCullough v. Branch Banking & Tr. Co., 35 F.3d 127, 129 (4th Cir. 1994); Green v. Café, No. 4:04-CV-111, 2008 WL 7871053, at *5 (E.D.N.C. Nov. 5, 2008) (unpublished), aff'd sub nom. Green v. Maroules, 328 F. App'x 868 (4th Cir. 2009) (per curiam) (unpublished)). Courts addressing this issue have recognized that North Carolina's most analogous statute to Title II of the ADA and Section 504 is the Persons with Disabilities Protection Act ("PDPA"), N.C. Gen. Stat. § 168A. See Manning, 2024 WL 1183066, at *4–5; McCullough, 35 F.3d at 132; Green, 2008 WL 7871053, at *5; Stroud v. Harrison, 131 N.C. App. 480, 486, 508 S.E.2d 527, 530 (1998); see also Semenova 845 F.3d at 567 (recognizing holding in McCullough[3] that a prior version of N.C. Gen. Stat. § 168A was the analogous statute). The PDPA addresses complaints of discrimination based on disability as well as reasonable accommodations. N.C. Gen. Stat. § 168A-4-7, and 11. Manning, 2024 WL 1183066, at *4–5; McCullough, 35 F.3d at 130. The PDPA provides a two-year statute of limitations for such non-employment-related claims. See N.C. Gen. Stat. § 168A-12.

While the statute of limitations for claims brought under Title II of the ADA and Section 504 are borrowed from state law, federal law determines the time for accrual. Manning, 2024 WL 1183066, at *4–5 (citing A Soc'y Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011); Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). "A claim accrues when the plaintiff knows or has reason to know of the injury forming the basis of an action." Id.

Here, pro se Plaintiff's Complaint was filed in person on Monday, May 15, 2023. Although certain of the facts presented occurred in the Spring of 2021, Plaintiff's commencement occurred on May 14, 2021. (Doc. No. 1 ¶ 18). In addition, Plaintiff asserts that the "academic misconduct

---

[3] In the published version of the Fourth Circuit's opinion available on Westlaw, the case is referred to as "McCulloch" instead of McCullough, but includes the same citation, 35 F.3d 127.

charge for collaboration [was filed] on or about May 27, 2021." Id. ¶ 19.[4] Considering this alleged injury, Plaintiff's Complaint is not time-barred in light of the applicable two-year statute of limitations. Even if the Court were to find the earlier date of commencement is when Plaintiff knew or had reason to know of the injury forming the basis of this action, Plaintiff's Complaint would have still been timely because the deadline of May 14, 2023, fell on a Sunday when the courthouse was closed, and Plaintiff's Complaint was filed in person on the following day, Monday, May 15, 2021. See Gaines v. MKKM Inc., No. CIV.A. 2:14-4535-RMG, 2015 WL 3917160, at *1 (D.S.C. June 25, 2015) (collecting cases).

Accordingly, the undersigned respectfully recommends that Defendants' Motion be denied on the basis of untimeliness.

### C. Motion to Dismiss Title II of the ADA and Section 504 Claims

Although timely filed, Plaintiff's Complaint fails to survive the Iqbal, 556 U.S. at 678 and Twombly, 550 U.S. at 555, pleading requirements. The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Carriker v. Carriker, No. 3:22-CV-00448-DSC, 2022 WL 10208236, at *1 (W.D.N.C. Oct. 17, 2022) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nonetheless, a Court cannot rewrite Plaintiff's Complaint or consider allegations made outside of Plaintiff's Complaint or an amended complaint. McNulty v. Commc'ns Workers of Am., No. 3:12CV-22-MOC-DSC, 2012 WL 1569601, at *3 (W.D.N.C. Mar. 16, 2012) ("Additional factual allegations contained in a response brief are not considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)." (citing Beck v. City of Durham, 129 F. Supp. 844, 855 (M.D.N.C. 2000)).

---

[4] In the U.S. Department of Education Dismissal Letter, which Plaintiff attached to his Complaint, Plaintiff indicated he was notified of the violation on May 17, 2021. In any event, the Complaint would be timely filed even using the May 17, 2021 date.

Title II of the ADA states "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C § 12132.  "Title II of the ADA applies to educational claims against universities."  Manning, 2024 WL 1183066, at *11 (citing Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 484 (4th Cir. 2005)).  To state a claim under Title II of the ADA, Plaintiff must plausibly allege that "(1) he has a disability; (2) he is otherwise qualified for the benefits of a public service, program, or activity; and (3) he was excluded from participation in or denied the benefits of such service on the basis of his disability."  Id. (citing Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461 (4th Cir. 2012); Constantine, 411 F.3d at 498; Baird ex. rel Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999); Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1264–65 (4th Cir. 1995)).  "To show that a plaintiff has a disability, '[h]e must [allege] (1) that he has a physical or mental impairment, (2) that this impairment implicates at least one major life activity, and (3) that the limitation is substantial.'"  Id. (citing Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 254 (4th Cir. 2006)); see 42 U.S.C. § 12102(1)(A).  "A plaintiff may assert a violation of Title II of the ADA based on '(1) intentional discrimination or disparate treatment; (2) disparate impact; and (3) failure to make reasonable accommodations.'"  Id.  (citing A Helping Hand, LLC v. Balt. Cnty., 515 F.3d 356, 362 (4th Cir. 2008)).

Section 504 of the Rehabilitation Act similarly states that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.  "Claims under the ADA's Title II and the Rehabilitation Act can be combined for analytical purposes

because the analysis is 'substantially the same.'" Nat'l Fed'n of the Blind v. Lamone, 813 F.3d 494, 502 n.4 (4th Cir. 2016) (citing Seremeth v. Bd. of Cty. Comm'rs Frederick Cty., 673 F.3d 333, 336 n1. (4th Cir 2012)). "The ADA's Title II and the Rehabilitation Act 'differ only with respect to the third element, causation.'" Wicomico Nursing Home v. Padilla, 910 F.3d 739, 750 (4th Cir. 2018) (citing Halpern, 669 F.3d at 461). The Rehabilitation Act requires exclusion "solely by reason of" the disability whereas the ADA requires only that the disability was "a motivating cause" of the exclusion. Id. (citing Halpern, 669 F.3d at 461–62). Because of this, if the ADA's Title II claim fails, the Rehabilitation Act claim must fail as well. Wicomico Nursing Home, 910 F.3d at 750. Although a plaintiff need not prove their prima facie case at the pleading stage, a plaintiff must "allege facts sufficient to state all the elements of [their] claim." Id. at 751.

Construing the Complaint liberally including the attachments, as the Court must do in reviewing a pro se plaintiff's pleading, Plaintiff has failed to allege facts sufficient to state a claim. Plaintiff alleges in a conclusory fashion that he has "disabilities as defined by ADA's Title II and the Rehabilitation Act" and generally states that he has submitted medical documentation to UNCC that, according to Plaintiff, "implicates at least one major life activity" and that such limitation is "substantial." (Doc. No. 1 ¶¶ 14, 22-25). However, Plaintiff does not specify what disability he has or how that disability impacts Plaintiff's life activities. The Court is even left guessing generally whether such alleged impairments are physical, mental, or both. For this reason alone, the Complaint is deficient.

Even assuming Plaintiff had sufficiently pled his disability, Plaintiff has not included facts sufficient to support the other elements of his claims. Specifically, Plaintiff has stated that he is "qualified to receive the benefits of a public service, program or activity" but includes nothing further beyond this threadbare recital in support of element two. Id. ¶ 15. Plaintiff also fails to

include facts supporting the element that he was excluded from participation in or denied the benefits of such service on the basis of his disability. Plaintiff generally alleges that Defendants failed to abide by Letter of Accommodation in the Spring of 2021 and "was motivated solely be [*sic*] reasons of the diagnosed disabilities." Id. ¶ 26. But Plaintiff fails to include any facts that otherwise support this bare statement. Perhaps more importantly, Plaintiff's main grievance appears to be that Defendants withheld his degree, but Plaintiff makes no allegations that Defendants' withholding his degree was on the basis of his disability.[5] Rather than state specific facts in support of his claim, Plaintiff relies almost entirely on conclusory allegations, such as that Defendant "refused to do the right thing" for not "bestow[ing]" his degree. Id. ¶ 1.

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to Plaintiff's Title II of the ADA and Section 504 Claims.

## III.    RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss" (Doc. No. 12) be **GRANTED**.

## IV.    TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to

---

[5] Although Defendants reference a potential retaliation claim, the undersigned has reviewed Plaintiff's Complaint and agrees that it does not include a retaliation claim. Therefore, the undersigned has not further addressed this issue.

preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiff at his address of record, to counsel for Defendants, and to the Honorable Robert J. Conrad.

**SO RECOMMENDED.**

Signed: September 5, 2024

Susan C. Rodriguez
United States Magistrate Judge