UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00284-RJC-SCR

| | |
|---|---|
| DEVAL DIMITRI LINEBERGER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNIVERSITY OF NORTH )<br>CAROLINA SYSTEM through its )<br>governing body, et al., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, (Doc. No. 12), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 19), recommending that this Court grant Defendants' motion, Plaintiff's Objection to the M&R, (Doc. No. 20), and other documents of record. For the reasons explained below, the Court **ADOPTS** the M&R and **GRANTS** Defendants' Motion to Dismiss.

## I. BACKGROUND

Plaintiff states no specific objections to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations."

1

28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Having conducted a full review of the M&R, Plaintiff's Objection to the M&R, and other documents of record, the Court finds that Plaintiff has failed to submit a specific written objection directing the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. Nevertheless, having conducted a full review of the record, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance

with the law and should be approved.

The Court observes that in his Objection, Plaintiff requests that he "be allowed to file an Amended Complaint to allege a prima facie case under the ADA/504 discrimination." (Doc. No. 20 at 4). Plaintiff claims that "[i]t is common for a Plaintiff pro se to amend a complaint in ADA, Section 504 Rehab and Civil Rights claims and the Plaintiff pro se will seek Leave of the Court to file his Amended Complaint to relate back to the original Complaint date filing for this case for further proceedings." (*Id.*). To the extent that Plaintiff's Objection can be construed as a motion to amend his Complaint, the Court notes that Plaintiff has failed to attach a proposed amended complaint or otherwise provide an indication of the amendments he seeks to make.

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. However, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. *Id.* (citations omitted).

Given Plaintiff's pro se status, the Court will allow Plaintiff an opportunity to cure the defects in his motion to amend. If Plaintiff seeks to continue the instant action in this Court, he may file a motion to amend together with a proposed amended complaint that contains all relevant, specific factual allegations that "plausibly

3

suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[I]f Plaintiff amends his Complaint, the original Complaint would be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims." *Schulz v. Doe*, No. 3:21-cv-00469-MR, 2021 U.S. Dist. LEXIS 222582, at *3 (W.D.N.C. Nov. 18, 2021) (citing *Young v. City of Mt. Ranier*, 238 F.3d 567 (4th Cir. 2001)). The amended complaint must contain all of Plaintiff's claims and allegations; piecemeal amendment will not be permitted.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 19), is **ADOPTED**;

2. Defendants' Motion to Dismiss, (Doc. No. 12), is **GRANTED**. **Plaintiff may file a motion to amend his Complaint, attaching a proposed amended complaint, no later than 30 days from the date of this Order.**

Signed: September 30, 2024

Robert J. Conrad, Jr.
United States District Judge